In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00328-CR
NO. 09-17-00329-CR

_____

ZACHARY ULYSSES JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause Nos. 14-20902 and 14-20897

**MEMORANDUM OPINION**

In these appeals, counsel for Zachary Ulysses Johnson[1] filed briefs stating that there are no arguable grounds to be advanced to support appeals from the judgments in trial court cause numbers 14-20902 and 14-20897. After reviewing the records

_____

[1] We note that the defendant is also known as Zachary Ulysses Johnson Jr.

1

from the proceedings in the trial court, we agree that any appeals from the judgments at issue would be frivolous.[2]

In October 2014, the State indicted Johnson in two separate cases[3] for committing aggravated robbery, against different individuals.[4] In 2015, Johnson pleaded guilty to the allegations in the indictments. In both cases, the trial court deferred the adjudication of Johnson's guilt and then placed him on community supervision for ten years.

In 2017, alleging that Johnson had violated seven conditions of the trial court's deferred adjudications orders, the State filed motions to revoke both orders. The trial court conducted a consolidated hearing on the two motions in July 2017, and Johnson pleaded "true" to violating two conditions of the deferred adjudication orders.

Approximately four weeks later, the trial court conducted another hearing on the motions to revoke. The parties presented evidence relevant to the allegations that Johnson contested in the motions. At the end of the hearing, the trial court found that

---

[2] *See Anders v. California*, 386 U.S. 738 (1967).

[3] Trial cause number 14-20902 is the basis of Appeal number 09-17-00328-CR, and trial cause number 14-20897 is the basis of Appeal number 09-17-00329-CR.

[4] *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2011).

Johnson violated an additional five conditions of the deferred adjudication orders and revoked both orders. The trial court found Johnson guilty of both aggravated robberies and sentenced him to sixteen years on each conviction.[5]

In this appeal, Johnson's appellate counsel filed an *Anders* brief presenting his professional evaluation of the record. He alleges there are no meritorious issues upon which to base Johnson's appeal.[6] After receiving the brief, we granted an extension of time so that Johnson could file a *pro se* response. However, Johnson did not file a response.

After a thorough review of the record and the *Anders* brief filed by Johnson's counsel, we agree with counsel's conclusion that no meritorious issues support an appeal. Accordingly, it is unnecessary to appoint new counsel to re-brief Johnson's appeal.[7] The trial court's judgments are affirmed.[8]

---

[5] The trial court ordered that Johnson serve his sentences concurrently. Additionally, the trial court found in both cases that Johnson had used a deadly weapon when he committed the robberies.

[6] *See Anders*, 386 U.S. at 740 n.2; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

[7] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring court appointment of other counsel only if it is determined arguable grounds exist to support the appeal).

[8] Johnson may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 13, 2018
Opinion Delivered November 7, 2018
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

4